# IN THE COURT OF APPEALS OF IOWA

No. 20-0087
Filed April 1, 2020

**IN THE INTEREST OF A.C.-D. and E.C.-D.,**
**Minor Children,**

**A.C., Mother,**
　　Appellant.
_____

　　Appeal from the Iowa District Court for Woodbury County, Stephanie Forker Parry, District Associate Judge.

　　A mother appeals the termination of her parental rights to two children. **AFFIRMED.**

　　Jessica R. Noll of Deck Law PLC, Sioux City, for appellant mother.

　　Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

　　Michelle M. Hynes of Juvenile Law Center, Sioux City, attorney for minor children.

　　Tori Jackson, Sioux City, guardian ad litem for minor children.

　　Considered by Vaitheswaran, P.J., and Doyle and May, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother appeals the termination of her parental rights to two children, born in 2014 and 2015. She contends the State failed to prove the grounds for termination cited by the district court; termination was not in the children's best interests; and the district court should have placed the children in a guardianship in lieu of terminating her parental rights.

The State filed a petition seeking to have the children adjudicated in need of assistance. The State cited the mother's physical abuse of an older child and the mother's mental health. The mother also had a long history of substance abuse. The district court granted the petition and placed temporary custody of the children with the mother for placement with her at a women's and children's center.

On the mother's discharge from the center, the court ordered the children to remain with her under the protective supervision of the department of human services. Shortly thereafter, the department learned that the mother allowed the children to be with their father despite concerns about his substance abuse. After the department confronted the mother with this discovery, the mother disappeared with the children. When she reconnected with the department, she advised the caseworker that "she relapsed on methamphetamine" the previous weekend. The district court ordered the children temporarily removed from her care.

The mother initially attended treatment and made enough progress that the department permitted overnight visits with the children. Later, she disengaged from services. The department reverted to fully-supervised visits.

Eventually, the State petitioned to terminate parental rights. The district court terminated the mother's parental rights pursuant to three statutory grounds.

We may affirm if we find clear and convincing evidence to support any of the grounds. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). On our de novo review, we focus on Iowa Code section 232.116(1)(f) (2019), which requires proof of several elements, including proof the children cannot be returned to the mother's custody.

The mother contends the State failed to establish this element because she "was living [with her mother and grandmother] where the children had been previously placed." But she conceded she was "not ready at the moment" to take them to her mother's house, and she stated "it [would] be a while" before she could. By the time of the termination hearing, the department had offered her more than two years of services to address the conditions that precipitated intervention and removal. On our de novo review, we conclude the State proved that the children could not be returned to her custody.

Termination must also serve the children's best interests. *See* Iowa Code § 232.116(2). The mother testified the results of drug tests administered by the department were "[n]egative, positive," "[a] little of both." She conceded she was not participating in substance-abuse treatment. In her words, "it hasn't been like a priority honestly." She also admitted to not attending Alcoholics or Narcotics Anonymous meetings. Finally, as noted, she agreed the children could not be returned to her custody at the time of the termination hearing or in the imminent future. We conclude termination of the mother's parental rights was in the children's best interests.

We are left with the mother's request to have the children placed in a guardianship. She contends "[a] guardianship would provide the children with stability and security but allow them the ability to preserve a relationship with" her.

"[A] guardianship is not a legally preferable alternative to termination." *In re A.S.*, 906 N.W.2d 467, 477 (Iowa 2018) (quoting *In re B.T.*, 894 N.W.2d 29, 32 (Iowa Ct. App. 2017)). A guardianship is especially contraindicated here, where the mother conceded there was no more than a "possibility" the children could be returned to her six months from the date of the termination hearing. Additionally, she testified the children were with her cousin and his wife and there was "nobody else in the world that" she "trust[ed] more than them to raise them." We conclude the district court appropriately denied the mother's request for a guardianship in lieu of termination.

We affirm the termination of the mother's parental rights to the children.

**AFFIRMED.**